UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JERRY MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:10-CV-109-PPS-PRC |
| | ) | |
| FINANCIAL RECOVERY | ) | |
| CENTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on plaintiff Jerry Martin's motion for a default judgment against defendant Financial Recovery Center, Inc. [DE 11]. For the reasons discussed below, the Court **GRANTS** the requested default judgment.

**BACKGROUND**

Martin filed his complaint on March 5, 2010, alleging that defendant FRC violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq* [DE 1]. Martin alleges that FRC violated several provisions of the FDCPA, including by falsely represented to an acquaintance of Martin's that FRC was a law firm that had filed an action against Martin regarding a debt, and that FRC would suspend Martin's driver's license if Martin failed to call to discuss the debt [*Id.*].

FRC was served with the summons and complaint on June 1, 2010 [DE 5]. On July 28, 2010, FRC's president, Todd Laraba, purported to file an answer without the assistance of counsel [DE 8]. That answer was later stricken, however, because a corporation, like FRC, may not appear through an officer or other lay representative [DE 10]. FRC has since failed to

appear, plead or otherwise defend this lawsuit. Accordingly, the clerk entered default against FRC on July 27, 2010 [DE 7].

Martin now seeks a default judgment in the amount of $4,427.50, which breaks down as follows: (1) $1000.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) $3,037.50 in attorney's fees; and (3) $390 in filing and service fees.

## DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.,* 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a).

**I.    Liability**

Because the clerk has already entered a default, this Court may now enter a default judgment under Rule 55(b)(2). But the Court exercises discretion in doing so. *See O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1991). A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff for each cause of action in the complaint. *E360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). Moreover, all well-pleaded allegations of the complaint will be taken as true. *Id*. at 605.

Courts may consider a number of factors when deciding a motion for default judgment. These factors include the amount of money potentially involved, whether material issues of fact

or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2685 (3d ed. 1998); *see also American Nat'l Bank & Trust Co. of Chicago v. Alps Elec. Co., Ltd.*, No. 99 C 6990, 2002 WL 484845, at *1 (N.D. Ill. Mar. 29, 2002) (citing *Federal Practice and Procedure: Civil* § 2685).

In this case, the factors listed above weigh in favor of default judgment against FRC. There are very few material issues of fact and the grounds for default are clearly established. There are no issues of substantial public importance here, and the default is not simply a technicality, as FRC has not pleaded or appeared in this matter since the lawsuit was filed in March 2010. Martin seeks a relatively small amount of money. FRC's refusal to respond to Martin's complaint prejudices him by delaying his receipt of the money at issue. Thus, the Court finds that a weighing of these competing factors comes out in favor of Martin, and default judgment against FRC is appropriate.

## II. Damages

Normally, upon considering a motion for default judgment, a court must have a hearing to determine damages. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). In cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, however, such a hearing is unnecessary. *See O'Brien*, 998 F.2d at 1404 (citing *Dundee Cement Co.*, 722 F.2d at 1323); *E360 Insight*, 500 F.3d at 602.

Along with his motion for default judgment, Martin filed an affidavit by his counsel,

Timothy Sostrin, which attaches a billing statement, and receipts for the costs of filing and serving process [DE 12-1]. The $1,000 in statutory damages that Martin seeks does not require any documentary proof.

**A.      Statutory Damages**

The FDCPA provides that, in addition to actual damages (which Martin does not seek), "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to . . . such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A).

In assessing whether part or all of the $1,000 in statutory damages shall be awarded, the court generally is to consider the frequency and persistence of non-compliance by the debt collector, the nature of such non-compliance, and the extent to which the non-compliance was intentional. 15 U.S.C. § 1692k(b)(1); *see also Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995).

Martin's request for $1000.00 in statutory damages is reasonable given the nature of FRC's non-compliance. In this case, FRC's actions violated multiple provisions of the FDCPA. *See, e.g.,* 15 U.S.C. § 1692c (prohibiting communication with third parties); § 1692d (prohibiting debt collector's failure to meaningfully disclose its identity); § 1692e (prohibiting the false representation that the debt collector is an attorney, and other false representations). Moreover, the nature of the defendant's non-compliance, particularly falsely identifying itself as a law firm, strongly suggests that the non-compliance was intentional, rather than the result of a bona fide error. *Cf.* 15 U.S.C. § 1692k(c). Accordingly, the Court awards $1,000, the full amount of "additional damages" available under the statute.

**B.     Attorneys' Fees and Costs**

Pursuant to 15 U.S.C. § 1692k(a)(3), a prevailing plaintiff is entitled to the costs of her FDCPA action, as well as reasonable attorneys' fees. *See Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009) ("Plaintiffs who prevail under the Fair Debt Collection Practices Act are entitled to an award of costs and reasonable attorney's fees."); *see also Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164, 1166 (7th Cir. 1997). In determining appropriate attorneys' fees, courts generally begin by calculating the lodestar—the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983); *Schlacher*, 574 F.3d at 856. The court may then adjust that figure to reflect various factors, including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation. *Connolly v. Nat'l Sch. Bus Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999); *Strange v. Monogram Credit Card Bank of Ga.*, 129 F.3d 943, 946 (7th Cir. 1997).

Martin seeks attorneys' fees in the amount of $3,037.50 for 10.6 hours of attorney work at a rate of $250 per hour, and 3.1 hours of paralegal work at a rate of $125 per hour. He also seeks $390 in costs. Martin supports his request for these amounts with his counsel's affidavit, which attaches an accounting of the fees billed in this matter, along with the receipt for the $350 filing fee and an invoice from the process server in the amount of $40 [DE 12-1, 2, 3 & 4].

These hourly rates appear reasonable. Hourly rates of $250 for attorney work and $125 for paralegal work are in line with approved rates in recent FDCPA cases in this Circuit. *See Day v. Check Brokerage Corp.*, No. 05 C 4912, 2009 WL 4931739, at *2 (N.D. Ill. Dec. 15, 2009) (approving attorney rates of $465 and $250 per hour); *McKinney v. Cadleway Prop. Inc.*,

No. 04 C 8248, 2007 WL 1667390, at *2 (N.D. Ill. Jun. 8, 2007) (same); *Farrar v. Receivable Mgmt. Servs.*, No. 09 CV 149, 2010 WL 2720786, at *5 (S.D. Ill. Jul. 8, 2010) (approving paralegal rate of $125).

Moreover, the hours expended by these paralegals and attorneys are reasonable for the work involved, and none of the entries appears excessive or redundant. Accordingly, the Court awards the full amount of the requested attorneys' fees, for total amount of $3,037.50. Additionally, Martin is awarded costs in the amount of $390.

## CONCLUSION

For the foregoing reasons, Plaintiff Jerry Martin's motion for entry of default judgment against defendant Financial Recovery Center, Inc. [DE 11] is **GRANTED**. Defendant Financial Recovery Center, Inc. is **ORDERED** to pay to plaintiff Jerry Martin as follows: $1000 in statutory damages, $3,037.50 in attorneys' fees, and $390 in filing and service fees, for a total of **$4,427.50**. The Clerk is directed to enter **FINAL JUDGMENT** stating that plaintiff Jerry Martin is entitled to the relief ordered herein, as well as post-judgment interest as allowed by law. The Clerk is further directed to treat this matter as **TERMINATED**.

**SO ORDERED**.

ENTERED: October 20, 2010

/s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT

6